E-FILED
Thursday, 28 July, 2005 01:48:31 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | |
|---|---|
| RICHARD A. MITCHELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | CASE NO. 05-4039 |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | AFFIDAVIT OF |
| ) | MARK A. APPLETON |
| Respondent. ) | |

**NOW COMES** Mark A. Appleton, and upon his oath first being sworn states:

1. I am a duly licensed and practicing attorney in state and federal courts, including the U.S. District Court for the Central District of Illinois. I have been practicing criminal defense in state and federal courts for approximately 25 years. I am on the CJA appointment lists in the Central District of Illinois, and the Southern District of Iowa, and have accepted many such appointments by the courts in each district.

2. I was appointed by this Court to represented Petitioner Richard Mitchell in cause No. 03-40021 in the United States District Court for the Central District of Illinois. On February 20, 2003, Mr. Mitchell was charged by indictment with one Count of Conspiracy to Manufacture Methamphetamine and one Count of

1

Attempted Manufacture of Methamphetamine.

3. Prior to my appointment to serve as Mr. Mitchell's attorney, I had represented approximately 15 federal criminal defendants in the Central District of Illinois. I had also represented approximately 40 federal criminal defendants in the Southern District of Iowa. The majority of these federal cases have involved defendants charged with drug offenses, including conspiracy charges. I have tried a number of those cases, negotiated plea agreements in others, advanced many motions, and litigated dozens of sentencing issues. As a result, I am familiar and highly experienced with the plea negotiation process and with sentencing issues. I have in numerous cases recommended to a client that we attempt to negotiate a favorable cooperation plea agreement, when I believe it to be in the client's best interest to do so. I believe that based upon my experiences in federal proceedings, I am keenly aware of the positive and negative possibilities whenever a client considers either negotiating a plea or taking a case to trial.

4. As a CJA panel member, I have also participated in training sessions with the Federal Public Defender's Office regarding representation of clients charged with federal offenses.

5. Prior to Mr. Mitchell's entry of his guilty plea, I met with him on at least 7 occasions, and discussed with him the particulars of his defense and possible sentencing scenarios. As a part of my representation of Mr. Mitchell, I requested and received the government's evidence of the alleged conspiracy and Mr. Mitchell's attempted manufacturing of methamphetamine. I reviewed that evidence, including a tape recording of a meeting held on February 5, 2003, wherein Mr. Mitchell planned a methamphetamine "cook," with a cooperating individual. We thoroughly discussed the options available to him. I advised him of the potential benefits and risks of negotiating a plea agreement and of proceeding with a trial.

6. I discussed my analysis of the case with Mr. Mitchell, and advised him of his options. We discussed the fact that Mr. Mitchell's criminal history contained two prior felony drug convictions, and he was, therefore, facing a statutorily required sentence of life for Count One. He was also facing a sentence of 360 months of imprisonment on Count Two.

7. We discussed in detail the possibility of a sentence reduction for substantial assistance to the government. Mr. Mitchell decided that obtaining an agreement to plead guilty and then providing substantial assistance to the government was in his best interest, in light of his criminal history. Mr. Mitchell

has early-on expressed a desire to cooperate with the government and understood that the cooperation would possibly result in a sentence less than that mandated by the guidelines. He was well-aware that the Plea Agreement executed by him contained both a waiver of his right to appeal and waiver of his right to file a motion under Section 2255. Mr. Mitchell elected to proceed with a plea of guilty, and indicated a desire to provide assistance to the government in an attempt to obtain a possible reduction in his sentence, as provided in his Plea Agreement. I agreed with Mr. Mitchell's decision to plead guilty and we anticipated that he would obtain a sentence reduction for substantial assistance, hopefully at sentencing if the cooperation was at the trial of co-defendants, but in any event under Rule 35(b) of the Federal Rules of Criminal Procedure.

8. Mr. Mitchell and I discussed the fact that a plea to anything other than a life sentence could not be negotiated, and that the government would not agree to a sentence other than what was provided by the statute. Mr. Mitchell and I both agreed that his best course would be to plea to the applicable statutory sentence, and then attempt to obtain a reduction of that sentence. The U.S. Attorney's office has advised me that Mr. Mitchell did, in fact, substantially cooperate in the investigation and prosecution of other persons, and had planned to file a Rule 35(b) motion. This is precisely what I had contemplated when I

represented Mr. Mitchell and rendered my legal advice.

9. At sentencing I objected to one of the two prior convictions being applied as enhancements to Mr. Mitchell. I presented arguments in support of those objections, but the Court determined that both enhancements were properly applied pursuant to *United States v. Garcia*, 32 F.3d 1017 (7th Cir. 1994).

10. At no time did Mr. Mitchell tell me that he wanted me to file a notice of appeal on his behalf, or that he wanted to withdraw his guilty plea. I mailed the attached correspondence to Mr. Mitchell on May 24, 2004, as to what he had to do in order to file an appeal. After sentencing, Mr. Mitchell maintained his position that he wanted to provide cooperation to the government and attempt to have his sentence reduced. On JANUARY 20, 2005 I received a telephone message from Connie St o H r, Mr. Mitchell's girlfriend and the mother of his child, advising that I should file an appeal, but by that time the deadline set forth in my letter to Mr. Mitchell of May 24, 2004, had passed.

11. The case of *United States v. Booker* was decided on June 24, 2004, after Mr. Mitchell's sentencing on May 14, 2004, and therefore was not considered by me at sentencing.

12. In summary, I advised Mr. Mitchell of all of his options and fully explained them to him. He indicated to me that he understood his options and

5

the consequences of each. He thereafter decided that he did not wish to proceed to trial and wanted to accept the cooperation plea agreement, and the resulting sentence and later have the adjustment based on cooperation. I believe he fully understood that he would receive a life sentence and anticipated the government filing a motion for reduction in sentence.

Dated: __7-1-05__

_____
Mark A. Appleton
Attorney at Law
129 East Main Street
PO Box 207
Aledo IL 61231

Subscribed and sworn to before me this __1st__ day of __July__, 2005.

"OFFICIAL SEAL"
SANDRA R. WASSENHOVE
Notary Public, State of Illinois
My Commission Exp. 03/17/2008

_____
Notary Public

# MARK A. APPLETON
## Attorney at Law

129 E. Main Street  
P. O. Box 207  
Aledo, IL 61231-0207

PHONE: (309) 582-5121  
FAX: (309) 582-5662  
WEB: lawoffice129@yahoo.com

May 24, 2004

Richard A. Mitchell  
C/O Henry County Jail  
311 West Center Street  
Cambridge, IL 61238

RE: U.S. vs. MITCHELL

Dear Mr. Mitchell:

    Enclosed please find a copy of the Judgment entered in your Federal case in the Central District of Illinois on May 14, 2004. As the Judge stated at your sentencing hearing, if you decide to appeal this judgment to the United States Court of Appeals, you have ten (10) days from the date of sentencing to do so by filing a written Notice of Appeal with the District Court. If you do not file this Notice of Appeal on time you will have lost your right to appeal.

    IN YOUR CASE, THE NOTICE OF APPEAL MUST BE FILED ON OR BEFORE APPEAL DEADLINE OR YOU WILL HAVE LOST YOUR RIGHT TO APPEAL IN THIS CASE. IF YOU DESIRE TO APPEAL, NOTIFY ME <u>IMMEDIATELY</u> AND I WILL FILE THE NOTICE OF APPEAL. I WILL NOT FILE A NOTICE OF APPEAL UNLESS YOU SPECIFICALLY DIRECT ME TO DO SO.

    I note that your plea agreement provides that:

"The defendant hereby knowingly and expressly waives any and all rights to appeal defendant's conviction in this case, including a waiver of all motions, defenses and objections which defendant could assert to the charges or to the Court's entry of judgement against defendant, and any and all issues inhering therein, and the defendant knowingly waives the right to appeal any sentence within the statutory maximum provided for the offense of conviction herein on the grounds set forth 18 U.S.C., §3742 or any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. Except that the defendant maintains the right to timely challenge

defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals of the United States Supreme Court later find that the substantive basis of defendant's plea of guilty and resulting conviction fails to state a crime upon which defendant could be convicted."

Note that if you unsuccessfully appeal, you have a right to seek review by the United States Supreme Court (though an application for a writ of *certiorari*) of the appeals court decision. Such review is only rarely granted and only on certain grounds. If you request your attorney to seek this review, he must do so.

I take this opportunity to advise you of certain other types of relief that are available to you and the deadlines therefore. First, under Rule 35(a) of the Federal Rules of Criminal Procedure, you may file a motion for correction of sentence if your sentence has been imposed in violation of law, as the result of an incorrect application of the sentencing guidelines, or is unreasonable upon remand after appeal.

Second, under Rule 35(b) of the Federal Rules of Criminal Procedure, the Court has one year after the imposition of your sentence to enter an Order reducing your sentence to reflect substantial assistance. For the Court to enter such an Order, the United States Attorney's office must file a motion requesting that your sentence be reduced. Any departure under this provision may be below a statutory mandatory minimum sentence. If you have provided assistance to the government since the date of your sentencing, please advise me of such. When I receive this information, I will write to the prosecutor who handled your case and request that the motion be filed.

Third, under Rule 35(c) of the Federal Rules of Criminal Procedure the court may, with in seven days after imposition of sentence, correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.

Fourth, you may file for habeas corpus relief under 28 U.S.C. §2255 where you claim a right to release upon the ground that your sentence was imposed in violation of the federal constitution or laws; the sentencing court was without jurisdiction to impose the sentence; the sentence was in excess of the maximum allowed by law; or to vacate, set aside, or correct the sentence. There is a one year limitation period to file the motion or it is barred. The manner of calculating the year is complex and you should consult §2255 and/or an attorney to make sure you do not miss the deadline if you wish to file the motion.

Under some circumstances you may apply for a habeas corpus relief under 28 U.S.C. §2241. Unlike under §2255 where the petition is filed in the court of the district in which you were convicted, under §2241 the petition is filed in the district court of the district where you are confined. The statute or an attorney should be consulted for further information.

Finally, where statutory post conviction remedies are unavailable, you may seek a writ of

*coram nobis*. This is an extraordinary remedy available only under circumstances compelling action to achieve justice. If you feel you have grounds for this writ, I would suggest you consult an attorney.

Very truly yours,

Mark A. Appleton

MAA/srw
Enclosure